```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :     20cr305 (DLC)
                                         :
          -v-                            :     MEMORANDUM OPINION
                                         :         AND ORDER
ADRIAN ALFARO DIAZ,                      :
                                         :
               Defendant.                :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On June 30, 2020, the defendant sought temporary release from the Metropolitan Detention Center ("MDC") pursuant to 18 U.S.C. § 3142(i) on account of the COVID-19 pandemic.[1] The Government opposes the defendant's release. The defendant's application is denied.

The defendant has been charged in a two-count indictment with money laundering and international money laundering spanning from at least in or about November 2018 through February 2020, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 2, and § 1956(a)(2)(B)(i) and 2. The Government calculates his

---

[1] The defendant requests the following bail package pursuant to 18 U.S.C. § 3142(a)(g)(i): $100,000 personal recognizance bond; the surrender of his passports and a guarantee of no new applications; that his travel be restricted to the Southern and Eastern Districts of New York; pretrial supervision with location monitoring; pretrial residence at a Halfway House in Brooklyn, New York; no access to the personal financial information of any victims of the indictment or third parties; and his release on his own signature.

sentencing guidelines range as 51 to 63 months.  The initial conference is scheduled for July 16, 2020.

The defendant consented to detention following his arrest in February 2020.  He now seeks pretrial release.  The Government has shown by clear and convincing evidence that his release presents a significant flight risk.

The defendant is a citizen of Costa Rica.  Although Costa Rica has an extradition treaty with the United States, that treaty allows Costa Rica to refuse to surrender its nationals for extradition.  The Government represents that Costa Rica does not, in practice, allow its citizens to be extradited to the United States.  When the defendant was arrested in February 2020, the arrest occurred at an Atlanta airport shortly before the defendant was scheduled to board a flight home to Costa Rica after a nine-day trip in the United States.  According to the Government, official travel records indicate that the defendant had never previously traveled to the United States.  The defendant has no apparent ties to the United States, except the criminal conduct he is charged with directing to occur here.

There also is significant evidence against the defendant in this case.  The defendant worked closely with a cooperating witness to carry out his unlawful scheme of fraud.  The evidence obtained by the Government in this case includes electronic messages and recorded conversations between the cooperating

witness and the defendant, in which the defendant described his money laundering scheme.  In a post-arrest interview, the defendant admitted to moving funds from the United States to Costa Rica using multiple bank accounts beginning in or about November 2018.

The defendant makes this application pursuant to Section 3142(i).  That section provides that a

> judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i).

The defendant has not identified any appropriate person into whose custody the defendant may be released or shown a compelling reason for this release.  Because the defendant has no contacts in the United States, he requests that he be placed into a Halfway House in Brooklyn, New York, which is part of the Bureau of Prison's re-entry program.  The defendant has not identified any measures or resources available to the Halfway House to ensure that the defendant does not flee this country. Additionally, while there can be no dispute that the COVID-19 pandemic has imposed enormous strains upon all institutions, including correctional facilities, the defendant, who is 39

years old, has cited no serious health conditions that would place him at increased risk of the virus.

The defendant's application for temporary release is denied.

Dated:    New York, New York
          July 1, 2020

```
                              _____
                                    DENISE COTE
                              United States District Judge
```